UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JACK ROBLEE, an indiviual,
    Plaintiff,

v.

NCO FINANCIAL SYSTEMS, INC., a foreign
corporation,
    Defendant.
_____/

## **COMPLAINT**

Plaintiff Jack Roblee, by and through the undersigned counsel, sues Defendant, NCO Financial Systems, Inc., a foreign corporation, and states as follows:

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendant transact business in this District and the conduct complained of occurred here.

3. Plaintiff, Jack Roblee, is a natural person residing in Sheboygan, Wisconsin.

4. Defendant, NCO Financial Systems, Inc. ("NCO" hereafter), is a foreign corporation engaged in the business of collecting debts in Wisconsin with its principal place of business located at 507 Prudential Road, Horsham, Pennsylvania 19044. The principal purpose

of Defendant NCO is the collection of debts using the mails and telephone, and it regularly attempts to collect debts alleged to be due another.

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6. From on or about February 23, 2007, through approximately August 6, 2007, Defendant NCO through its agents, employees or representatives, contacted Plaintiff by telephone, repeatedly leaving voicemail messages that asked him to contact them in an attempt to collect a debt. Sometimes Defendant identified itself by its corporate name, and other times it did not so identify itself.

7. During one or more of the voicemail messages, Defendant failed to advise Plaintiff that it was a debt collector calling for the purpose of collecting a debt and that any information obtained would be used for that purpose.

8. At no time did Defendant provide Plaintiff with notice of his right to dispute the debt and request validation of the debt either during the voicemail messages or in writing.

9. From on or about March 12, 2007, through May 11, 2007, Plaintiff wrote requesting Defendant not to contact Plaintiff and gave notice of his dispute that he owed Defendant any debt, but Defendant thereafter continued to contact Plaintiff by telephone in an attempt to collect a debt.

10. On or about May 11, 2007, Plaintiff wrote to Defendant disputing that he owed any debt and requesting Defendant for validation of the debt for which it was contacting him, but Defendant did not respond to that request and thereafter continued to contact him by telephone in an attempt to collect a debt.

11. Defendant received Plaintiff's May 11, 2007, letter on May 15, 2007.

12. As a result of the acts alleged above, Plaintiff suffered emotional distress and incurred telephone charges.

13. Defendant's acts alleged herein violate the FDCPA.

14. Defendant's FDCPA violations include, but are not limited to, the following:

a. The Defendant violated 15 U.S.C. § 1692c(c) by contacting the Plaintiff after the Plaintiff had requested the Defendant cease communication with the Plaintiff.

b. The Defendant violated 15 U.S.C. § 1692d(6) by contacting the Plaintiff by telephone without disclosing his/her identity.

c. The Defendant violated 15 U.S.C. § 1692e(11) by failing to disclose in its initial communication with the Plaintiff that the Defendant are debt collectors attempting to collect a debt and any information obtained will be used for that purpose.

d. The Defendant violated 15 U.S.C. § 1692e(11) by failing to identify it/him/herself as a debt collector in one or more communications with the Plaintiff.

e. The Defendant violated 15 U.S.C. § 1692g by failing to send the Plaintiff a validation notice that comports with the requirements of 15 U.S.C. § 1692g(a) within five days of their initial communication.

f. The Defendant violated 15 U.S.C. § 1692g(b) by failing to provide the required verification of the debt and continuing its debt collection efforts after the plaintiff had disputed the debt in writing within thirty days of receiving notice of the 15 U.S.C. § 1692g debt validation rights.

15. As a result of the above violations of the FDCPA, the Defendant are liable to the Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;

B. Enjoin Defendant from further violating Plaintiff's rights;

C. Actual damages;

3
Case 2:08-cv-00429-CNC   Filed 05/15/08   Page 3 of 4   Document 1

D. Statutory damages pursuant to 15 U.S.C. § 1692k;

E. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and

F. For such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

Respectfully submitted,

*/s/ Gordon R. Leech*
GORDON R. LEECH, ESQ.
Wis. Bar 1039489
Attorneys for Jack Roblee
Samster, Konkel & Safran SC
1110 N Old World Third St, Ste 405
Milwaukee, WI 53203
Tel: 414-224-0400
Fax: 414-224-0280
Email: gleech@skslawyers.com

4